# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHERYL PAYNE, </br></br> Plaintiff, </br></br> v. </br></br> McCULLOUGH, PAYNE & HAAN, LLC, ZENITH ACQUISITION CORP., and NORTH STAR CAPITAL ACQUISITIONS, LLC, </br></br> Defendants. | **Case No.** </br> **1:11-cv-02208-JEC -GGB** |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Rule 7.2(B), NDGA., Plaintiff Cheryl Payne ("Plaintiff") hereby files her Emergency Motion for a Protective Order Requiring Withdrawal of the Subpoena ("Subpoena") Served Upon Citibank, N.A. ("Citi") by Defendants McCullough, Payne, & Haan, LLC and Zenith Acquisition Corp. ("Defendants"). In support thereof, Plaintiff states as follows:

### I.   INTRODUCTION.

On September 28, 2011, Defendants filed a Notice of Issuance of Subpoena to Citi (Doc. 21). Plaintiff first received, via U.S. Mail, a copy of the Notice of

Issuance, the Subpoena, attachment "A" to the Subpoena, and Certificate of Service, attached hereto as Exhibit "A," on October 4, 2010. (See Affidavit of Craig J. Ehrlich ¶5, attached hereto as Exhibit "B"). The Subpoena demands production of documents by Citi, on October 10, 2011 at 10:00 A.M. (See Exhibit "A" at 3). Thus, Plaintiff requests the Court schedule a hearing on Plaintiff's Emergency Motion for Protective Order for Monday, October 10, 2011, at 9:00 A.M. Further, Plaintiff requests permission for the parties to appear telephonically.

The Subpoena was issued by the Southern District of South Dakota. (Exhibit "A" at 3). However, contrary to Rule 45(a)(2)(C) of the Federal Rules of Civil Procedure, the Subpoena commands Citi to produce documents at the following address:

> Hawkins Parnell Thackston & Young, LLP
> 4000 Sun Trust Plaza, 303 Peachtree Street N.E.
> Atlanta, GA 30308-3243

(Exhibit "A" at 3). Under Rule 45(a)(2)(C), a subpoena is facially invalid and unenforceable where it commands production in a jurisdiction other than that in which it was issued.

Further, despite the Subpoena's reference to attached copies of the provisions of Rules 45(c)-(e) of the Federal Rules of Civil Procedure, no such copies are attached as required by Rule 45(a)(1)(A)(iv).

As a result of Defendants' failure to comply with the applicable Federal Rules of Civil Procedure, Plaintiff requests the Court issue a protective order under Rule 26(c)(1), requiring withdrawal of the Subpoena.

## II. PURSUANT TO LR 7.2(B), NDGa., THE COURT SHOULD GRANT AN IMMEDIATE HEARING ON PLAINTIFF'S MOTION.

LR 7.2B, NDGa. provides:

> Upon written motion and for good cause shown, the court may waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure.

Defendants filed a Notice of Issuance of Subpoena to Citi on September 28, 2011 (Doc. 21). Defendants' Notice of Issuance of Subpoena to Capital One Bank, N.A. failed to include a copy of the Subpoena. (Exhibit "B" ¶4; *see* Doc. 21). As a result, Plaintiff was not provided an opportunity to examine the Subpoena until October 4, 2011, when a copy was received via U.S. Mail on. (Exhibit "B" ¶5). The Subpoena demands production of documents by Citi, on October 10, 2011 at 10:00 A.M. In order to resolve the issues addressed in this motion prior to the production of documents, an immediate hearing necessary.

Accordingly, Plaintiff requests the Court schedule a hearing on Plaintiff's Emergency Motion for Protective Order for Monday, October 10, 2011, at 9:00 A.M. Further, Plaintiff requests permission for the parties to appear telephonically.

### III. STANDARD.

"Under Rule 26(c)(1)(A), . . . any party may seek a protective order in the court where the action is pending requesting an order "that the disclosure or discovery not be had." *Lucent Technologies, Inc. v. Gateway, Inc.*, 2008 WL 183637, *2 (S.D. Cal. Jan. 17, 2008). The Court should issue a protective order requiring withdrawal of the Subpoena under "Rule 26(c)(1), which for good cause permits the Court to forbid discovery to protect a party or person from "undue burden or expense" *Solomon v. Nassau County*, 274 F.R.D. 455, 460 (E.D.N.Y. 2011). The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 38 (1984)).

### IV. THE SUBPOENA FAILS TO COMPLY WITH FED. R. CIV. P. 45(a)(1)(A)(iv).

"Federal Rule of Civil Procedure 45(a)(1) provides that '[e]very subpoena must ... set out the text of Rule 45(c) and (d),' which discuss protections due a person subject to a subpoena and a person's duties in responding to a subpoena."

4

*Merritt v. Marlin Outdoor Adver., LTD.* 2010 WL 3667022, *3 fn.5 (S.D. Ga. Sept. 15, 2010) (citing Fed.R.Civ.P. 45(a)(1)). "Inclusion of the text of subdivisions (c) and (d) in every subpoena ensures that the recipient of the subpoena is fully aware of both the available options that may be exercised in contesting the subpoena as well as the recipient's obligations in responding to the subpoena." *Id.* (quoting *Elam v. Ryder Auto. Operations,* 179 F.R.D. 413, 415 (W.D.N.Y.1998)).

> Here, the Subpoena states:
>> The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

(See Exhibit "A" at 3).

Despite referring to attached copies of the text of Rule 45(c) and (d), Defendants fail to attach such copies to the Subpoena. Thus, "the subpoena itself is procedurally defective under the Federal Rules of Civil Procedure for failure to include the text of Rule 45(c) and (d)." *Gibbons v. Smith*, 2010 WL 582354, *3 fn.4 (S.D.N.Y. Feb. 11, 2010) (citing Fed.R.Civ.P. 45(a)(1)(A)(iv)). Thus, pursuant to Rule 26(c)(1), the Court should issue a protective order requiring withdrawal of the Subpoena.

## V. THE SUBPOENA FAILS TO COMPLY WITH FED. R. CIV. P. 45(a)(2)(C).

"The subpoena[] commanding [Citi] to produce certain documents [is] procedurally invalid and unenforceable. A subpoena requiring [] the production of documents must be issued from the court for the district where . . . production is to be made." *U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 139 (E.D.N.Y. 2010); *see also In re Ramaekers,* 33 F.Supp.2d 312, 316 (S.D.N.Y.1999) ("Rule 45 requires that a subpoena commanding ... document production must issue from the court for the district in which the production is to be made."); 9 James Wm. Moore et al., *Moore's Federal Practice* ¶ 45.11 (3d ed. 2009) ("A subpoena commanding production or inspection ... must issue from the district court in which production or inspection will occur.").

"Even though [Citi has] not moved to quash the subpoena[], the court must deem [it] invalid." *U.S. Bancorp Equip. Fin.*, 270 F.R.D. at 139; *see also Monsanto Co. v. Victory Wholesale Grocers,* No. MC 08-134, 2008 WL 2066449, *3-4, 2008 U.S. Dist. LEXIS 39239, at *10-11 (E.D.N.Y. May 14, 2008) (finding subpoena facially invalid under Rule 45 where it commanded production in the Southern District of New York but was issued out of the Eastern District of New York); *Zamani v. Carnes,* No. C03-00852, 2008 WL 2127849, at *1 (N.D.Cal. May 19, 2008) ("A subpoena that designates the wrong issuing court is void");

*Tracfone Wireless, Inc. v. Riedeman,* No. 6:06-CV-1257-Orl-18JGG, 2007 WL 191651, at *2 (M.D.Fla. Jan.23, 2007) (holding that plaintiff's subpoena was "procedurally deficient" and unenforceable when it was issued from the improper district); *NFLC, Inc. v. Devcom Mid-Am., Inc.,* No. 93-C-0609, 1994 WL 188478, at *7 (N.D.Ill. May 11, 1994) (holding that a subpoena issued from an improper district was invalid and unenforceable, so the motion to compel the non-movant to show cause why he should not be held in contempt was void); *Kupritz v. Savannah Coll. of Art & Design,* 155 F.R.D. 84, 87-88 (E.D.Pa.1994) (invalidating a subpoena that was issued from the improper district).

Here, the Subpoena commands production of documents by Citi at the following address:

> Hawkins Parnell Thackston & Young, LLP
> 4000 Sun Trust Plaza, 303 Peachtree Street N.E.
> Atlanta, GA 30308-3243

(Exhibit "A" at 3).

However, despite demanding production of documents in Atlanta, Georgia, the Subpoena issued from the Southern District of South Dakota. (Exhibit "A" at 3). As such, the Subpoena fails to comply with Rule 45(a)(2)(C).[1] Accordingly, the

---

[1] The purpose of Rule 45(a)(2)(C) is further shown through Rule 45(c)(3)(A)(ii), requiring an issuing court to quash or modify a subpoena that, as in this case, "requires a person who is neither a party nor a party's officer to travel more than

Court should issue a protective order under Rule 26(c)(1), requiring withdrawal of the Subpoena.

## VI. CONCLUSION.

Despite the fact that the Subpoena requires Citi to produce documents in Atlanta Georgia, the Subpoena was issued by the Southern District of South Dakota, contrary to Rule 45(a)(2)(C). Furthermore, Defendants failed to attach copies of the provisions of Rules 45(c)-(d) of the Federal Rules of Civil Procedure, as required by Rule 45(a)(1)(A)(iv). Accordingly, the Subpoena is improper and the Court should issue a protective order under Rule 26(c)(1), requiring withdrawal of the Subpoena.

Plaintiff was not provided sufficient time to move for a protective order requiring withdrawal of the Subpoena. Accordingly, in order to resolve the issues addressed in this motion prior to the production of documents, an immediate hearing is necessary.

WHEREFORE, Plaintiff respectfully requests the Court schedule an immediate hearing on Plaintiff's Emergency Motion for Protective Order for

---

100 miles from where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii).

Monday, October 10, 2011, at 9:00 A.M., grant the parties permission to appear telephonically, and issue a protective order requiring withdrawal of the Subpoena.

Dated: October 7, 2011.              Respectfully submitted,

                                     WEISBERG & MEYERS, LLC

                                     /s Craig J. Ehrlich
                                     Craig J. Ehrlich
                                     Georgia Bar No. 242240
                                     WEISBERG & MEYERS, LLC
                                     5025 N. Central Ave. #602
                                     Phoenix, AZ 85012
                                     (888) 595-9111 ext. 250
                                     (866) 842-3303 (fax)
                                     cehrlich@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

                                                Respectfully submitted,

/s Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to:

M. Elizabeth O'Neill
Hawkins Parnell
Thackston & Young LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308

                                                /s Craig J. Ehrlich
                                                Craig J. Ehrlich

## **CERTIFICATE OF CONFERENCE**

I hereby certify that pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, counsel for the parties conferred in a good faith effort to resolve this dispute without court action. However, counsel was unable to resolve the dispute.

/s Craig J. Ehrlich
Craig J. Ehrlich