**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHERYL PAYNE )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>McCULLOUGH, PAYNE & HAAN, LLC, )<br>ZENITH ACQUISITION CORP., and )<br>NORTH STAR CAPITAL )<br>ACQUISITIONS, LLC, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE NO. 1:11-CV-02208-JEC |

**DEFENDANTS MCCULLOUGH, PAYNE & HAAN, LLC, AND ZENITH**
**ACQUISITION CORP.'S BRIEF IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR CLASS CERTIFICATION**

COME NOW, McCULLOUGH, PAYNE & HAAN, LLC, and ZENITH

ACQUISITION CORP. (hereinafter collectively "Defendants"), Defendants in the

above-styled action, and submit this Brief in Opposition to Plaintiff's Motion for

Class Certification.

**INTRODUCTION**

Plaintiff filed her Class Action Complaint on July 5, 2011, alleging that

Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by leaving

her an automated voice mail message without identifying themselves as debt

10647253v.1

collectors.  Defendants deny that this occurred, asserting that communications only occur if the telephone is actually answered by a live person.  If any message was left on Plaintiff's voicemail or answering machine, it was unintentional and thus, excusable as a bona fide error under 15 U.S.C.S. section 1692k(c).  Plaintiff now seeks to certify her case as a class action lawsuit and appoint class counsel.

It is Plaintiff's burden to establish that her case should proceed as a class action suit under Federal Rule of Civil Procedure 23(a).  *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).  Since Plaintiff has been unable to identify a single class member other than herself, or provide a reasonable estimate of the size of the proposed class, Plaintiff cannot establish the numerosity, commonality, or typicality requirements necessary to proceed.  F.R.C.P. 23(a)(1)-(3).  Nor can she demonstrate that she and her attorneys will fairly and adequately protect the interests of the class under F.R.C.P. 23(a)(4).

But the Court need not – and should not – reach these issues now.  With Defendants' Motion to Stay pending and a 12(b)(6) Motion to Dismiss forthcoming that will likely dispose of this action in its entirety, it would be premature to entertain Plaintiff's Motion for Certification at this time.  Rather, the Court should delay adjudication of this Motion until the jurisdictional issue is resolved.

10647253v.1

If the Court is unwilling to suspend this action, however, Defendants are entitled to conduct limited discovery on the certification issue prior to any ruling. Given that the alleged prohibited communications to Plaintiff were made in error, if at all, Plaintiff's claim that there are "hundreds, if not thousands" of similarly-situated putative class members is a fiction. But Defendants cannot expose this fiction without first marshalling evidence through discovery. These and other questions must be fully examined before any class certification can be addressed.

## ARGUMENT AND CITATION OF AUTHORITY

**A)**   **Consideration of Class Certification Issues Now Would be Premature and Improper Given Defendants' Pending Motion to Stay and Forthcoming Motion to Dismiss.**

Defendants were served with Plaintiff's lawsuit in late July and filed Answers in mid-August, challenging jurisdiction and raising numerous meritorious affirmative defenses. In particular, Defendants contend that Plaintiff's claims are governed by a mandatory Arbitration Agreement Plaintiff entered into with CitiBank. Defendants have issued subpoenas for this document, so they can present the Court with the evidence necessary to resolve the jurisdictional issue. If the Agreement is similar to representative agreements entered into with other

CitiBank customers, however, it likely precludes Plaintiff from filing a civil suit altogether, let alone a class action suit such as this one.[1]

Once they have had an opportunity to review the Agreement, Defendants intend to file a 12(b)(6) Motion to Dismiss on these grounds.  In the meantime, they have filed a Motion to Stay this litigation pending the resolution of this dispositive issue.  Given these extenuating circumstances, the Court should also delay ruling on Plaintiff's Motion for Certification unless and until jurisdiction has been firmly established.

Good cause to stay consideration of class certification issues exists where resolution of a preliminary motion may dispose of the entire action.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Eleventh Circuit precedent is clear that when, as here, there are dispositive motions that should resolve the case on purely legal grounds, those motions should be resolved before discovery begins.  *Id*. at 1367 ("Facial challenges to the legal sufficiency of a claim or defense . . . should, however, be resolved before discovery begins.").

Defendants' pending Motion to Stay explains why there is a significant chance that this Court lacks jurisdiction, and why Plaintiffs' claims should be

---

[1] If Plaintiff's aggressive attempts to block production of the Agreement by Citibank is any indication, it almost certainly does contain a mandatory Arbitration Clause as hypothesized.

- 4 -

dismissed as a matter of law.  Just as in *Chudasama,* consideration of Plaintiff's

Motion for Certification before these dispositive jurisdictional issues have been

resolved would "increase[] the costs of the case[,] do[] nothing but waste the

resources of the litigants in the action before the court, delay resolution of disputes

between other litigants, squander scarce judicial resources, and damage the

integrity and the public's perception of the federal judicial system."  *Id*. at 1368.

**B)    If the Court Declines to Stay this Action, it Should Deny Plaintiff's Motion on the Merits.**

**1.    Plaintiff cannot meet her burden to show that joinder is impractical under the numerosity prong of F.R.C.P. 23(a).**

If the Court declines Defendants' invitation to stay this action and reaches

the merits of Plaintiff's motion, it will find them uncompelling.  Plaintiff cannot

even meet her preliminary burden to demonstrate that her proposed class is so

numerous that joinder of all members is impractical under F.R.C.P. 23(a)(1).

Though her Motion for Certification claims that there are hundreds of prospective

class members, Plaintiff fails to set forth any evidence that would permit the Court

to meaningfully evaluate that estimate – in fact, Plaintiff herself is unable to

identify even one similarly-situated individual who "within one year before the

date of this complaint, received a voice message/voice recording from Defendants

in connection with an attempt to collect any consumer debt…"  (*See* Plaintiff's

Motion at p. 8.)

Though Plaintiff's counsel has "estimated" that the class is comprised of "at

least 200 persons," he provides no basis whatsoever for this guesswork.  (*See*

Ehrlich Declaration at ¶ 8.)   There is no evidentiary support for his claim that

Defendants leave voice messages for debtors "as a matter of pattern and practice" –

a point that Defendants vigorously dispute.  (*Id.* at ¶ 7.)   If Plaintiff did in fact

receive such a voice message herself, it is likely due to an isolated glitch in

Defendants' standardized communication software caused by Plaintiff's own

manipulation of her telephone – not by any "pattern and practice" on Defendants'

part.  It is certainly telling that the Plaintiff claims to have been the victim of the

exact same violation not just once, not twice, but *six* separate times.[2]   In short,

Defendants' alleged violation of the FDCPA, if any, was a bona fide error excusing

---

[2] In addition to this case, Plaintiff has filed five other actions against debt collection companies this year alone: (i) *Payne v. Mercantile Adjustment Bureau, LLC*, N.D.G.A. Case No. 2:11-cv-00007-WCO; (ii) *Payne v. Omni Credit Services of Georgia, Inc.*, N.D.G.A. Case No. 2:11-cv-00198-WCO; (iii) *Payne v. Reagin Law Group P.C., et al.,* N.D.G.A. Case No. 2:11-cv-00260-WCO; (iv) *Payne v. First National Collection Bureau, Inc.*, N.D.G.A. Case No. 2:11-cv-00217-WCO; and (v) *Payne v. Asset Acceptance Capital Corp., et al.*, N.D.G.A. Case No. 1:11-cv-02207-SCJ-RGV.  (*See* Exhibit B to Wood Affidavit.)

10647253v.1

them from liability under 15 USCS § 1692k(c).[3]  *Edwards v. McCormick,* 196 F.R.D. 487, 489-90 (S.D. Ohio 2000).

In *Edwards*, the Southern District of Ohio faced issues nearly identical to those now before this Court.  There, the plaintiff also sought certification under the FDCPA, claiming that she received a form letter illegally threatening foreclosure on her home to satisfy a judgment lien obtained by her creditors.  *Id*. at 490.  The defendant creditors invoked the bona fide error defense, claiming that a commercial debt letter, rather than the letter they typically issued to individuals, was sent to plaintiff by mistake.  *Id*. at 490, 492.

To support her numerosity argument, the plaintiff alleged that since the defendant filed debt collection suits against "'approximately 100 to 120 persons each year,' he must have sent other illegal letters" as well.  *Id*. at 492.  The Court disagreed, finding that the plaintiff's "mere supposition" that other illegal letters were sent was insufficient to overcome the defendant's bona fide error defense and show that the plaintiff's letter was anything more than an "isolated incident."  *Id*. at 493, 494.  In addition to presenting "obvious problems satisfying the numerosity requirement of Rule 23(a)," the Ohio Court found that this shortcoming "casts

---

[3] Section 1692k(c) provides in its entirety: "A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 *et seq.*] if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

10647253v.1

further doubt on the ability of Plaintiffs to define a class concisely or adequately."

*Id*. at 493.

Mr. Ehrlich's "estimation" of the size of Plaintiff's proposed class is also grounded in rank speculation.  He averred in his affidavit:

> The standardized nature of MPH's communications, combined with the high volume of accounts handled in the normal course of its debt-collection business, supports my conservative class size estimate of at least 200.

*See* Ehrlich Declaration at ¶ 12. [4]

Though the exact number of class members need not be conclusively proven at the certification stage, impracticality of joinder must be "positively shown, and cannot be speculative."  *Edwards v. McCormick*, 196 F.R.D. 487, 493, quoting *Cwiak v. Flint Ink Corp.,* 186 F.R.D. 494, 496 (N.D. Ill. 1999).  "Mere supposition … is not enough to satisfy Rule 23(a)'s numerosity requirement."  *Id*. at 494.

The *Edwards* court ultimately held that the plaintiff's "evidence" of numerosity was too speculative to make the required showing where she "failed to present any affidavits, testimony or other evidence of any sort" to rebut defendant's bona fide error defense.  *Id*.  It also "declined to accept the plaintiff's 'conclusory allegations' that numerous consumers were involved simply because

---

[4] Plaintiff's counsel also invokes his "experience litigating individual and representative FDCPA claims" to support the reasonableness of his estimate.  (*Id*. at ¶ 8.)  Yet, as discussed in more detail below, Mr. Ehrlich considerably overstates this "experience," failing to mention that not one of the certification motions he has filed in the past 3 years has ever been granted.  (*Id*. at ¶ 29.)

10647253v.1

the letters [at issue] were computer-generated." *Id.*, *citing Smith v. Transworld Systems, Inc.,* 953 F.2d 1025 (6th Cir. 1992).

The same reasoning is equally applicable here. Not only has Plaintiff failed to adduce any evidence whatsoever to support her allegation that the voicemail she received was intentional or part of a common practice, Mr. Ehrlich's observation that Defendants' communication was "standardized" does nothing to take his allegations outside the realm of pure speculation. *Id.*

Federal jurisprudence is replete with examples of other courts holding that "[m]ere speculation, bare allegations, and unsupported conclusions are inadequate" to satisfy the numerosity requirement. *Barlow v. Marion County Hospital Dist.,* 88 FRD 619, 625 (M.D. Fla. 1980); *see also Wright v. Whitehall School Dist.,* 92 FRD 80, 86 (E.D. Ark. 1981) (a bare allegation of numerosity is insufficient); *Hurd v. Monsanto Co.*, 164 FRD 234, 238 (S.D. Ind. 1995) (plaintiffs cannot rely on conclusory allegations to establish size of class). This Court is also in accord. *Tolbert v. Western Electric Co.,* 56 F.R.D. 108, 113 (N.D. Ga. 1972) ("While the failure to enumerate and identify class members with precision is not fatal … mere speculation as to the existence of the class is insufficient to comply with Rule 23(a).").

While Plaintiff's counsel is entitled to make a good faith estimate of the size of the proposed class, his estimate must be reasonable and based on common sense. *Talbott v. GC Servs., Ltd. Pshp.*, 191 FRD 99 (W.D. Va. 2000); *Zapata v. IBP, Inc.*, 167 FRD 147 (D.C. Kan. 1996). Mr. Ehrlich's is neither. Instead, it rests on a premise – that because Plaintiff allegedly received a voicemail from Defendants, others must have also. From there, his "estimate" takes a dive into pure conjecture – namely, that Defendants handle a "high volume" of accounts, and because they employ standardized communications to communicate with debtors, there must be "at least 200" individuals in the same position as Plaintiff. (*See* Ehrlich Declaration at ¶ 6.) As evidenced by Plaintiff's inability to name even one of these individuals, this figure is nothing more than "mere supposition," which is insufficient to establish numerosity. *Edwards*, 196 F.R.D. at 494.

**2.      Plaintiff cannot establish commonality or typicality where she has failed to identify a single putative class member other than herself.**

Nor can Plaintiff meet her burden under the commonality and typicality prongs of Rule 23(a). F.R.C.P. § 23(a)(2)-(3). Under the former, she must establish that there are questions of law and fact common to the class, while under the latter, she must show that her claims are "typical" of the class. *Id.* But where Plaintiff has failed to identify a single putative class member, let alone describe the

- 10 -

claims and legal questions associated with each class member, it is impossible for her to make this showing. *Edwards*, 196 F.R.D. at 495.

As the *Edwards* court reasoned, again noting that the defendant's violation of the FDCPA was alleged to be the result of "a unique human error," Plaintiff cannot satisfy the typicality requirement of Rule 23 here by "comparing [her] claims to the hypothesized claims of unsubstantiated putative class members." *Id*. In short, where Plaintiff has failed to present sufficient evidence to establish the numerosity prong, the commonality and typicality prongs necessarily fail as well.

### 3. Plaintiff and her attorney are not poised to adequately represent the proposed class.

The next inquiry is whether the proposed class representative has shown that she will fairly and adequately protect the interests of the class.  F.R.C.P. § 23(a)(4). To make this showing, Plaintiff must demonstrate not only that her interests align with those of the unnamed class members, but that she will "vigorously prosecute the interests of the class through qualified counsel." *Edwards*, 196 F.R.D. at 495.

With respect to the first criterion, again, Plaintiff cannot show that her interests are aligned with her fellow class members when she does not even know who they are, let alone what their individual claims are. *Id.* ("Whether Plaintiffs in this case do indeed have common interests with the unnamed members of the class cannot be evaluated absent a showing on the part of Plaintiffs of who, generally,

- 11 -

comprises the rest of the putative class.")  Even if she could, there has not been an

adequate showing that Mr. Ehrlich is qualified to represent the class.

Rule 23(g) sets forth four mandatory criteria for evaluating whether a

particular attorney is competent:  (i) the work he has done in identifying or

investigating the potential claim, (ii) his experience handling class actions, other

complex litigation, and the specific claims at issue in the action, (iii) his knowledge

of the applicable law, and (iv) the resources he will commit to representing the

class.  F.R.C.P. 23(g)(1)(A).

If his inability to identify a single one of the 200 individuals who supposedly

comprise his putative class is any indication, Mr. Ehrlich has done very little

preliminary investigative work in this case.  To wit, the sole evidence he has

submitted with Plaintiff's motion are Declarations executed by himself and his

client, which, as noted, merely contain unsupported conclusions – not actual

evidence.

Mr. Ehrlich lists four cases in support of his claim that he is qualified to

represent the class.  (*See* Ehrlich Declaration at ¶ 29.)  Of these, the first two were

dismissed after being on file less than three months, before the plaintiff ever

moved for certification,[5] the third settled while the plaintiff's motion for certification was pending,[6] and the plaintiff has not moved for certification in the fourth.[7]  In fact, an electronic review of all the federal cases in which Mr. Ehrlich has ever appeared as counsel reveals that he has never presided as class counsel over any action under any circumstances – period.  (*See* Wood Affidavit at ¶ 4.)

Mr. Ehrlich's minimal investigative efforts and fledgling class action experience stand in stark contrast to that of the attorneys who are typically deemed adequate to serve as class counsel by federal courts.  *See, e.g., United Artists Theatre Company, et al. v. United Artists Theatre Circuit, Inc.*, 410 B.R. 385, 394-95 (D. Del. 2009).  In *United Artists*, for example, the court praised the proposed class counsel for their "substantial investigation" prior to filing the plaintiff's complaint, including sending a paralegal to the National Archives in Pennsylvania to review a bankruptcy file in person.  *Id*. at 394.  Additionally, the attorneys had previously handled numerous class actions of the same type at issue, including winning a damage award for the class in the underlying state court action.  *Id*. at 395.

---

[5] *See* Exhibit A, Civil Docket Sheet for *Balogun v. Nelson, Watson & Associates, LLC, et al*, No. 1:11-cv-01403-SCJ-JFK (N.D. Ga. 2011), and Exhibit B, Civil Docket Sheet for *Carter v. Creditors Interchange Receivables Management, LLC*, No. 1:11-cv-01690-JOF-AJB (N.D. Ga. 2011).

[6] *See* Exhibit C, Civil Docket Sheet for *Ulanowski v. Global Credit & Collection Corp., et al.*, No. 1:10-cv-02789-MSK (D. Colo. 2010).

[7] *See* Exhibit D, Civil Docket Sheet for *Smith v. Anderson & Keil, et al.*, No. 1:11-cv-01774-WJM (D. Colo. 2011).

10647253v.1

Mr. Ehrlich's "experience," on the other hand, more closely mirrors that of the proposed class counsel in *Davis v. Astrue*, 250 F.R.D. 476 (N.D. Ca. 2008). There, the attorney under review was deemed inadequate where he had "limited class-action experience" and had filed "only one unsuccessful federal case" in the past. *Davis*, 250 F.R.D. at 490-91. The same situation exists here. The four cases Mr. Ehrlich has cited do nothing to instill confidence in his ability to adequately serve as class counsel where none of them even resulted in certification to begin with. While Mr. Ehrlich may have substantial experience in obtaining quick settlements on behalf of individual plaintiffs in federal court, that experience hardly qualifies him to represent a class comprised of hundreds of individuals, each with their own complex and varied claims.

**C)      It Would be Improper to Certify This Class Without Allowing Defendants an Opportunity to Conduct Limited Discovery.**

In the event the Court is not inclined to deny Plaintiff's motion outright, Defendants are entitled to conduct limited discovery regarding certification issues.

It is within the sound discretion of the trial court to manage pre-certification discovery. *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2nd Cir. 1978). And where the existing record is insufficient to conduct a meaningful analysis required under Rule 23, as it is here, the trial court should defer its decision on certification pending discovery. "[P]rior

discovery is often necessary to sufficiently define the proper scope of an alleged class or subclass." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 459 n.16 (11th Cir. 1996), *cert. denied*, 519 U.S. 1149 (1997); *see also id.* at 457 (noting that "it is sometimes necessary 'to probe behind the pleadings before coming to rest on the certification question'") (quoting *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982)); *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 676 (7th Cir.) ("Before deciding whether to allow a case to proceed as a class action . . . a judge should make whatever factual and legal inquiries are necessary under Rule 23"), *cert. denied*, 534 U.S. 951 (2001); *Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir. 1974) ("The parties should be afforded an opportunity to present evidence on the maintainability of the class action.").

Discovery limited to certification issues is not only "advisable," it is essential. *See, e.g., Valley Drug Co. v. Geneva Pharms, Inc.,* 350 F.3d 1181, 1187 (11th Cir. 2003) ("We find that because the district court improperly certified the class, this case must be remanded to permit the parties to conduct further discovery on the important issue of whether some class members have separate, antagonistic interests from the named representatives."). Here, where Plaintiff has failed to identify any class member other than herself, it is impossible to know whether her claims are typical or representative. The only way to uncover any potential

- 15 -

conflicts of interest is through the identification of the remaining class members, if any, through discovery.

A court's refusal to permit discovery prior to its consideration of a class certification motion may also implicate due process concerns. In *Livingston v. Associates Finance, Inc.*, 339 F.3d 553 (7th Cir. 2003), the Seventh Circuit reversed the District Court's certification of a class in a Truth-in-Lending Act suit, chastising it for failing to provide the defendant with "an adequate opportunity to respond substantively to the . . . class certification motion." *Id.* at 558-59. It further noted that the court's decision to stay all briefing and discovery on the issue "effectively denied [defendant's] due process rights on the question." *Id.* at 559.

Many courts have recognized the propriety of permitting limited discovery prior to ruling on certification. *See, e.g., Ford Motor Co. v. London*, 175 Ga. App. 33, 332 S.E.2d 345 (1985) (approving of the trial court's entry of a protective order limiting discovery to class issues); *Washington v. Brown & Williamson Tob. Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) ("[T]o make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.").

10647253v.1

Precious little is known about Plaintiffs' individual claims, much less those of the "hundreds, if not thousands" of absent class members. (*See* Ehrlich Declaration at ¶ 6.) At a minimum, Defendants should be given an opportunity to identify and depose those individuals and locate documents relevant to their bona fide error defense. Accordingly, adjudication of Plaintiff's Motion should be delayed pending discovery related to class certification issues.

## CONCLUSION

Given the unresolved dispositive jurisdictional issues in this case, it would be imprudent to consider Plaintiff's Motion for Certification at this time. If the Court elects to proceed, however, it will find that Plaintiff's speculative arguments regarding numerosity, commonality, and typicality are insufficient to establish that this lawsuit should be certified as a class action under F.R.C.P. 23. Specifically, Plaintiff's "estimate" that her class is comprised of over 200 individuals is not only unreasonable, it is disingenuous in light of Defendants' bona fide error defense. Additionally, Plaintiff's counsel lacks any relevant experience with class action lawsuits that would qualify him as class counsel in this case.

In the event the Court is not persuaded that certification is premature or unwarranted, however, Defendants respectfully request the entry of a Protective

- 17 -

Order entitling the parties to conduct discovery on the certification issue prior to the hearing on Plaintiff's Motion.

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this Opposition to Plaintiff's Motion for Class Certification complies with the font and point selections approved by the Court in Local Rule 5.1B.  This Memorandum has been prepared in Times New Roman font, 14 point.

Respectfully submitted this 17th day of October, 2011.

**HAWKINS PARNELL
THACKSTON & YOUNG, LLP**


/s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill
Georgia Bar No. 058163
ATTORNEY FOR DEFENDANTS
MCCULLOUGH, PAYNE & HAAN,
LLC, AND ZENITH ACQUISITION CORP.

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308
T: (404) 614-7400
F: (404) 614-7500

10647253v.1

- 19 -

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHERYL PAYNE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASSET ACCEPTANCE CAPITAL CORP., | ) |
| ASSET ACCEPTANCE, LLC, and | ) |
| EMMETT L. GOODMAN JR., LLC | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION

FILE NO. 1:11-CV-2207-SCJ

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **Defendants McCullough, Payne & Haan, LLC, and Zenith Acquisition Corp.'s Opposition to Plaintiff's Motion for Class Certification** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Craig J. Ehrlich @ cehrlich@attorneysforconsumers.com

- 19 -

- 20 -

This 17th day of October, 2011.

                              **HAWKINS PARNELL**
                                 **THACKSTON & YOUNG, LLP**

/s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill
Georgia Bar No. 058163
ATTORNEY FOR DEFENDANTS
MCCULLOUGH, PAYNE & HAAN,
LLC, AND ZENITH ACQUISITION CORP.

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308
T: (404) 614-7400
F: (404) 614-7500

- 20 -

10647253v.1